## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JASON DILLON,                )
                           )
              **Plaintiff,**    )
                           )       **CIVIL ACTION**
v.                          )
                           )       **No. 07-2591-KHV**
NATASHA RIFFEL-KUHLMANN, et al.,    )
                           )
             **Defendants.**   )
_____)

### MEMORANDUM AND ORDER

Jason Dillon, *pro se*, brings suit against Natasha Riffel-Kuhlmann and the law firm of Newman, Reynolds & Riffel, P.A., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. This matter comes before the Court on the Motion Of Defendants To Dismiss Pursuant To Rule 12(b)(6) Or, In The Alternative, For Summary Judgment Pursuant To Rule 56 (Doc. #10) filed May 30, 2008. Plaintiff has not responded. For reasons stated below, the Court sustains the motion for summary judgment.[1]

### Legal Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving parties are entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. A "genuine" factual

---

[1]    Defendants' arguments regarding the sufficiency of plaintiff's complaint are not well taken. Accordingly, the Court analyzes the motion strictly as one for summary judgment.

dispute requires more than a mere scintilla of evidence.  Id. at 252.

The moving parties bear the initial burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991).  Once the moving parties meet this burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which [he] carries the burden of proof."  Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  The nonmoving party may not rest on his pleadings but must set forth specific facts.  Applied Genetics, 912 F.2d at 1241.

The Court must view the record in a light most favorable to the party opposing the motion for summary judgment.  Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).  Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative.  Anderson, 477 U.S. at 250-51.  "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial."  Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988).

## Factual Background

The following material facts are uncontroverted:[2]

---

[2]     Plaintiff has not responded to the motion for summary judgment.  To the extent that defendants' statement of facts is properly supported under Rule 56(e), Fed. R. Civ. P., the Court accepts those facts as uncontroverted.  See Ellibee v. Hazlett, No. 03-3023-JAR, 2006 WL 3050801, at *2 (D. Kan. Oct. 23, 2006) (pro se litigants governed by same procedural rules as other litigants; on summary judgment, Court accepts as true facts which pro se litigant does not controvert).

In March of 2005, plaintiff wrote five $100 checks to Dillon Companies, Inc. ("Dillons"), each of which his bank dishonored for insufficient funds.  Dillons hired Riffel-Kuhlmann – a partner in the law firm of Newman, Reynolds & Riffel, P.A. – to collect the debt.  On May 5, 2006, Dillons filed suit against plaintiff in Kansas state court seeking total damages of $2,625.  On September 20, 2006, a sheriff's deputy served a copy of the summons and complaint on plaintiff personally at the Lansing Correctional Facility, 301 E. Kansas, Lansing, Kansas 66043.[3]  On November 8, 2006, the state court entered default judgment against plaintiff in the amount of $705.  On October 1, 2007, by order nunc pro tunc, the state court amended the judgment to $2,625, the amount for which Dillons had prayed in the complaint.  Plaintiff did not appeal the judgment.  In December of 2007, Dillons filed a request for garnishment and the state court issued an order of garnishment of plaintiff's inmate account at the Lansing Correctional Facility.  In May of 2008, Dillons filed a second request for garnishment.  The record does not reveal whether the Lansing Correctional Facility actually garnished any portion of plaintiff's inmate account.

Liberally construed, the complaint alleges that defendants violated the FDCPA by failing to serve legal papers related to their collection efforts and by making misrepresentations to the state court concerning plaintiff's transactions with Dillons in March of 2005.  Defendants seek summary judgment on the claim.

## Analysis

Congress enacted the FDCPA to eliminate abusive debt collection practices, insure competitive equity in debt collection and promote consistency in the state regulation of debt

---

[3]      The record does not reveal when plaintiff went to prison.  Apparently, he remains incarcerated.

collection practices.  See 15 U.S.C. § 1692(e).  Generally, in connection with the collection of a debt, the FDCPA prohibits debt collectors from (1) engaging in harassing, oppressive or abusive conduct; (2) using false, deceptive or misleading representations or means; and (3) using unfair or unconscionable means.  See Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002) (citing 15 U.S.C. §§ 1692d, 1692e, 1692f) (substantive heart of FDCPA lies in these prohibitions).

As noted above, plaintiff claims that defendants violated the FDCPA by not serving process on him in the state collection action.  The Court finds no support for the proposition that pursuing a collection action without serving the debtor constitutes a violation of the FDCPA.  At least one federal court has determined that the failure to comply with service of process rules may render a collection a nullity, but does not "provide[] a legal basis to sustain a claim that the FDCPA has been violated."  Pierce v. Steven T. Rosso, P.A., No. 01-1244 DSDJMM, 2001 WL 34624006, at *2 (D. Minn. Dec. 21, 2001).  Even if the failure to serve process did give rise to a claim under the FDCPA, the record clearly shows that defendants personally served on plaintiff the summons and complaint in the state collection action.  On this record, the Court finds no genuine issue of material fact whether defendants violated the FDCPA by failing to serve process on plaintiff in the state collection action.

Plaintiff further complains that defendants violated the FDCPA by making misrepresentations to the state court in the underlying collection action.  The record does not support this claim.  Aside from the generic allegations of the complaint, the Court finds no suggestion that defendants misrepresented the case in securing the default judgment against plaintiff in state court.  The record contains photocopies of the dishonored checks, which are marked as such and which generally appear as defendants have represented them.  Defendants obtained the default judgment on the

representations that plaintiff owed a debt, had been served with process in the collection action and had not responded.  Plaintiff presents no evidence that he did not owe the debt or that the default judgment was obtained improperly.  The record does not reveal any genuine issue of material fact whether the representations which defendants made in the state collection action were false, deceptive or misleading.

Because plaintiff has created no genuine issue of material fact with respect to the alleged violations of the FDCPA, defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that the <u>Motion Of Defendants To Dismiss Pursuant To Rule 12(b)(6) Or, In The Alternative, For Summary Judgment Pursuant To Rule 56</u> (Doc. #10) filed May 30, 2008 be and hereby is **SUSTAINED**.  The Clerk of the Court is directed to enter judgment in favor of defendants in this matter.

Dated this 29th day of August, 2008 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge

-5-